John Buse (SBN 163156)
Ross Middlemiss (SBN 323737)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: 510-844-7100
Fax: 510-844-7150
Email: jbuse@biologicaldiversity.org
       rmiddlemiss@biologicaldiversity.org
Attorneys for Plaintiff Center for Biological Diversity

E. Robert Wright (SBN 51861)
LAW OFFICE OF E. ROBERT WRIGHT
909 12th Street, Suite 202
Sacramento, California 95814
Tel: (916) 557-1104
Fax: (916) 557-9669
Email: bwrightatty@gmail.com
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

Adam Keats (SBN 191157)
LAW OFFICE OF ADAM KEATS, PC
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Tel: (415) 430-9403
Email: adam@keatslaw.org
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, RESTORE THE DELTA and PLANNING AND CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | **Case No. 1:20-cv-00706-DAD-EPG**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL JOINDER OF ABSENT CONTRACTORS**<br><br>Date: October 20, 2020<br>Time: 9:30 a.m.<br>Court: 5<br>Judge: Hon. Dale A. Drozd |

1

## I.     INTRODUCTION

Plaintiffs challenge the Bureau of Reclamation's conversion of existing federal water service contracts into permanent repayment contracts without first conducting any environmental review under the National Environmental Policy Act ("NEPA"). ECF No. 1 at 2. Defendants ("Reclamation") have moved to compel the joinder of the contractors who are parties to the converted contracts ("Contractors"). However, the Contractors have existing contractual rights to receive Central Valley Project ("CVP") water, and the delivery of water under existing contracts is not the subject of this suit. A judgment affording Plaintiffs their requested relief, including setting aside Reclamation's contract conversions, would not impair the existing right to CVP water of any Contractor whose contract was converted by Reclamation. The Ninth Circuit has recognized instances where a suit seeking procedural compliance with NEPA does not void a legal right, allowing the vindication of a public right to proceed in the absence of interested parties. Because requiring Reclamation to comply with NEPA would not destroy the legal rights of the absent Contractors, Plaintiffs respectfully ask this Court to deny the Defendants' motion to compel the joinder of absent Contractors to this litigation.

## II.     LEGAL BACKGROUND

Federal Rule of Civil Procedure 19 requires joinder when a party, who is subject to service and whose joinder would not destroy the court's subject matter jurisdiction, "claims an interest relating to the subject of the action and is situated so that disposing of the action in the person's absence may … as a practical matter impact or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Such required parties must be joined if feasible. Fed. R. Civ. P. 19(a)(2). Failure to join a required party under Rule 19(a)(2) is grounds for dismissal under Rule 12(b)(7).[1]

NEPA requires federal agencies to prepare an environmental impact statement ("EIS") for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). An agency may avoid preparation of an EIS if it determines, based on an

---

[1] The Ninth Circuit has also used the term "necessary party" to discuss whether an absent party is a required party under Rule 19. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

2

environmental assessment, that the proposed action will have "no significant impact" on the environment. NEPA's environmental review procedures ensure that: (1) agencies take a "hard look" at the environmental impacts of their actions before they take act, thereby ensuring "that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts," and (2) "the relevant information will be made available to the larger audience that may also play a role in both the decisionmaking process and the implementation of that decision." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989).

The Water Infrastructure Improvements of the Nation Act ("WIIN Act") provides that Reclamation shall convert *existing* CVP water service contracts to permanent repayment contracts upon the request of the contractor, under mutually agreeable terms and conditions. Public Law 114-322 § 4011(a) (emphasis added). The WIIN Act expressly states, among other limitations, that it shall not be interpreted or implemented in a manner that preempts or modifies any obligation of the United States under state law; affects or modifies any obligation under the CVP Improvement Act; overrides, modifies or amends applicability of the Endangered Species Act; or "would cause additional adverse effects on listed fish species beyond the range of effects anticipated to occur to the listed fish species for the duration of the applicable biological opinion, using the best scientific and commercial data available." WIIN Act, § 4012(a). Under the WIIN Act, a converted contract "shall not modify other water service, repayment, exchange and transfer contractual rights between the water users' association, and the Bureau of Reclamation, or any rights, obligations, or relationships of the water users' association and their landowners as provided under State law." WIIN Act, § 4011(a)(4).

### III.     FACTUAL BACKGROUND

The contracts at issue here are contracts for CVP water that Reclamation has converted or is in the process of converting to permanent water service contracts under the WIIN Act. As of the filing of the Complaint, Reclamation had approved the conversion of fourteen CVP contracts, and was in the process of approving 26 additional CVP contracts. ECF No. 1 at 12-14. According to Reclamation, 20 contracts had been converted as of August 31, 2020. ECF No. 11

at 5. Since the filing of the Complaint, Defendants have continued to consider the conversion of additional CVP contracts, such that 48 CVP contracts are in the process of being converted. Declaration of E. Robert Wright ("Wright Declaration"), Exhibit 1. Of the total 62 CVP contracts at issue, 41 have a clause stating that conversion of the contract is not binding on the United States unless and until the Contractor who is a party to the contract obtains validation in a California Superior Court under California Code of Civil Procedure section 860 et seq. Wright Declaration at ¶ 2. To date, none of these 41 contracts have been validated in California state courts, and thus are not binding on the United States. Wright Declaration at ¶ 8.

The CVP contracts at issue in this action were in existence prior to, and at the time, of the effective date of the WIIN Act. Wright Declaration ¶ 4. The existing entitlements under a Contractor's CVP contract do not cease to exist, nor are they suspended or lessened in any way, when a Contractor seeks conversion under the WIIN Act.

### IV. ARGUMENT

#### A. The Absent Contractors are Not Required Parties.

The Complaint alleges that Reclamation's conversion of existing CVP contracts, without any NEPA review, was unlawful. ECF No. 1 at 20-21. However, the Contractors are not required parties because determination of whether NEPA's procedural requirements have been met does not affect their underlying right to receive CVP water. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990) (finding that procedural claims [the Secretary of Commerce's compliance with the APA] could be adjudicated by the district court in the absence of interested non-parties). The facts here mirror those in *Makah*, as the Complaint seeks a lawful administrative process. The Complaint does not seek to foreclose Reclamation's future conversion of CVP contracts pursuant to the WIIN Act, it only asks that any conversion undergo prior NEPA analysis as required by law.

The contractual rights at stake here are wholly distinguishable from those at issue in Ninth Circuit decisions upon which Reclamation relies. *See* ECF No. 11 at 2 fn. 1; 5-6. While the Ninth Circuit most recently required joinder of absent tribal parties in a challenge under the APA in *Diné Citizens Against Ruining Our Environment v. BIA*, that decision is not applicable here.

4

932 F.3d 843, 860 (9th Cir. 2019). In *Diné Citizens*, the Ninth Circuit concluded that deciding the suit could vacate the absent sovereign tribe's agreements, resulting in a loss of "all associated legal rights." *Id*. Here, sovereign immunity is not at issue with the absent Contractors, and their contractual rights to CVP water deliveries are not destroyed or substantially impaired. If Plaintiffs' obtain their requested relief, and Reclamation's conversions of existing contracts are vacated, the Contractors would continue to receive CVP water under their existing contracts. See Wright Declaration ¶ 4.

Reclamation's reliance on additional Ninth Circuit case law addressing joinder in relation to absent tribal parties is equally inapplicable. The suit in *Lomayaktewa v. Hathaway* sought to void a lease agreement, which would result in the destruction of all rights held by parties to that lease. 520 F.2d 1324, 1325 (9th Cir. 1975). Similarly, *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist*. noted that because "invalidating the challenged provision could cause the *entire tapestry of the agreement to unravel*, the Hopi Tribe had a legally protected interest in the lease term." 276 F.3d 1150, 1156-57 (9th Cir. 2002) discussing *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996) (emphasis added). These cases are inapplicable to Plaintiffs' suit here for two reasons. First, an absent tribe's sovereign immunity is not at issue. Second, and most importantly, requiring Defendants' to comply with the procedural requirements of NEPA does not unravel the "entire tapestry" of an absent Contractor's right to CVP water under the applicable existing contract. See *Dawavendewa*, 276 F.3d at 1156-57. This Court can adjudicate Plaintiffs' claims in the absence of the contractors without jeopardizing their existing contracts.

      B.      Should this Court Find the Contractors are Required Parties, They are Not Indispensable Under the Public Rights Exception.

Even if this Court deems the Contractors are required parties, the public rights exception allows a suit to proceed without otherwise required parties if the suit seeks to vindicate a public right. See *Connor v. Burford*, 848 F.2d 1441, 1459 (9th. Cir. 1988). The Ninth Circuit's decision in *Connor v. Burford* is applicable, where the court found requiring compliance with NEPA and the ESA created a mere imposition on the rights of absent lessees, such that many of the

"fundamental attributes of their contracts[]" were retained. *Id*. at 1461. Requiring NEPA review here would not impede the absent contractors' rights under existing contracts, nor would their right to renew existing interim contracts be interrupted. Central Valley Project Improvement Act, Pub. Law 102-575 § 3404(c)(1).

The public rights exception to Rule 19 joinder has been applied to cases challenging Reclamation's failure to conduct legally adequate NEPA review of water service contracts. In a case with facts that closely mirror the issues here, a motion to dismiss for failure to join necessary parties was denied because the complaint did "not seek to invalidate the interim contracts," but instead sought "prospective injunctive relief that would only affect the future conduct of the administrative process." *Pac. Coast Fed'n. of Fishermen's Ass'ns v. United States DOI*, 929 F. Supp. 2d 1039 (E.D. Cal. 2013).[2] Plaintiffs here do not seek to invalidate the absent Contractors' rights under their existing contracts. The Complaint seeks compliance with NEPA, and vindication of that public right would not "destroy the legal entitlements" of the absent Contractors. *See Connor v. Burford*, 848 F.2d at 1459.

The appropriateness of the public rights exception here is reinforced by that fact that the majority of Contractors (representing the vast majority of the CVP water entitlements[3]) have no binding contractual rights under the conversion contracts until those contracts are validated in a California state court. Cal. Code Civ. Proc. § 860 et seq.; Wright Declaration at ¶ 2. As none of the conversion contracts have yet been validated in California state court, the only legal rights belonging to a Contractor under a converted contract is that which the party already holds under the existing contract. Wright Declaration ¶ 4. Those rights, by which absent Contractors continue to receive CVP water, would not be threatened, let alone destroyed, should this Court require

---

[2] But see *NRDC v. Kempthorne*, 539 F. Supp 2d. 1155, 1184 where the court declined to apply the public rights exception to plaintiff's suit challenging the validity of Reclamation's approval or renewal of long-term water service contracts. The facts here are distinguishable, as performance of the existing contracts, and thus continued delivery of CVP water, is not at issue.
[3] The total entitlements of the contracts already converted combined with the contracts in the process of conversion equates to 3,086,093 acre-feet per year. Of those contracts, those that require validation, and have yet to receive it, in order to be binding on the United States account for 2,142,624 acre-feet per year, representing approximately 69% of the total. See Wright Declaration, Exhibit 1.

6

Reclamation to vacate and suspend its contract conversions pending compliance with the procedural requirements of NEPA, which is the relief Plaintiffs seek.

Nonetheless, Plaintiffs acknowledge that the absent Contractors have an interest in the conversion contracts and the subject matter of this litigation, and may be entitled to intervene pursuant to Federal Rule of Civil Procedure 24 to protect their interest. *See Wilderness Society v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). Plaintiffs would not oppose the Contractors' intervention if it is premised on a timely, orderly, efficient process, such as the consolidation of representation for similarly aligned contractors, and is not likely to delay resolution of this case.

## V.   CONCLUSION

Reclamation's Motion should be denied because the resolution of this matter would not threaten the destruction of an absent party's legal rights. The public right that Plaintiffs seek to vindicate, that Defendants' conduct NEPA review of CVP contract conversions, would not impede the receipt of CVP water as allowed under existing contracts. Based upon the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Compel Joinder of Absent Contractors.

Respectfully submitted,

DATED:  October 6, 2020        Ross Middlemiss
                               CENTER FOR BIOLOGICAL DIVERSITY

                               /s/ Ross Middlemiss
                               Ross Middlemiss
                               John Buse
                               Attorneys for Plaintiff Center for Biological Diversity

DATED: October 6, 2020          /s/ E. Robert Wright
                               E. Robert Wright
                               LAW OFFICE OF E. ROBERT WRIGHT

                               Adam Keats
                               LAW OFFICE OF ADAM KEATS, PC

                               Attorneys for Plaintiffs Restore the Delta and
                               Planning and Conservation League

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2020, I electronically filed Plaintiffs' Opposition to Defendants' Motion to Compel Joinder of Absent Contractors with the Clerk of Court using the ECF system, such that email notification will automatically be sent to the attorneys of record.

　　　　　　　　　　　／s/ Ross Middlemiss　　　　
　　　　　　　　　　　　Ross Middlemiss