JEAN E. WILLIAMS
Acting Assistant Attorney General
DAVID W. GEHLERT
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 370.
Denver, CO 80202
Telephone: (303) 844-1386
Facsimile: (303) 844-1350
David.gehlert@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; RESTORE THE DELTA; and PLANNING AND CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION, *et al.,*<br><br>Defendants. | CASE NO. 1:20-cv-00706-DAD-EPG<br><br>**FEDERAL DEFENDANTS' MOTION TO STAY NOTICED TO MAY 4, 2021**<br><br>Date: May 4, 2021<br>Time: 9:30 a.m.<br>Courtroom: 5<br>Judge: Hon. Dale A. Drozd |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on May 4, 2021, at 9:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dale A. Drozd, located in the United States District Court for the Eastern District of California, Fresno Division, Federal Defendants will and hereby do move to stay this case until May 12, 2021. Federal Defendants do not request oral argument and believe the motion can be decided on the papers.

1:20-cv-00706-DAD-EPG Motion to Stay – Page 1

## FEDERAL DEFENDANTS' MOTION TO STAY

This is one of three cases pending before this Court which challenge the United States' implementation of the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, § 4011 (2016).[1] After the Hoopa Valley Tribe asked the United States Department of Interior to review its implementation of the WIIN Act, Federal Defendants filed a Motion to Stay the *Hoopa Valley* case. *See Hoopa Valley*, ECF No. 47. This Court granted the United States a 60 day stay on until May 12, 2021. *Hoopa Valley*, ECF No. 48. Because the new Administration's review could affect this case and because it will be most efficient to address these three closely related cases on the same schedule,[2] Defendants now move to stay this case until May 12, 2021. Plaintiffs oppose this motion.

## BACKGROUND

In 2016 Congress passed the WIIN Act to, among other things, allow CVP water contractors to prepay CVP-related construction debts they owed to the United States. Pub. L. No. 114-322, § 4011(a), 130 Stat. 1628, 1878 (2016). Since the WIIN Act was passed, 79 out of approximately 198 eligible CVP water contractors have requested contract conversions. Declaration of Lisa M. Holm, March 11, 2021 ¶ 5, attached as Exhibit A. Some of the requesting contractors have more than one contract; the Federal Defendants have already converted 68 contracts, and 21 more are currently being negotiated.[3] *Id.* ¶ 6. In response to the WIIN Act contract conversions, Center for Biological Diversity, Restore the Delta, and Planning and Conservation League (collectively, Plaintiffs) filed this lawsuit.

---

[1] The other two cases are *North Coast Rivers Alliance v. United States Department of the Interior*, No. 1:16-cv-00307-DAD-SKO (hereinafter, "*North Coast*") and *Hoopa Valley Tribe v. United States Bureau of Reclamation*, 1:20−cv−01814−DAD-EPG (hereinafter, "*Hoopa Valley*").

[2] As the Federal Defendants indicated in our motion to stay the *Hoopa Valley* case, Federal Defendants intend to consolidate the three cases at the conclusion of the stay, assuming a stay is granted.

[3] The Federal Defendants do not anticipate executing any additional converted contracts prior to May 12, 2021.

The Plaintiffs claim the Federal Defendants violated the National Environmental Policy Act (NEPA) by converting water service contracts under the WIIN Act without first preparing an Environmental Impact Statement or Environmental Assessment. Additionally, the Plaintiffs have been granted leave to amend their complaint to assert that the Federal Defendants violated the Endangered Species Act by failing to engage in consultation or seek the concurrence of the United States Fish and Wildlife Service and the National Marine Fisheries Service before approving the WIIN Act contract conversions. The CBD Plaintiffs' request declaratory, injunctive and monetary relief, asking that the converted contracts be invalidated, that the Federal Defendants be enjoined from converting additional contracts until the government complies with NEPA and the ESA. The Court recently granted the Federal Defendants' Motion to Compel Joinder of Absent Water Contractors. *Id.*, ECF No. 23.

## **DISCUSSION**

A district court has discretion to stay litigation pursuant to its inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). When reviewing a stay request, courts generally consider five factors:

1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

2) the burden which any particular aspect of the proceedings may impose on defendants;

3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

4) the interests of persons not parties to the civil litigation; and

5) the interest of the public in the pending civil and criminal litigation.

*Hoopa Valley*, ECF 49 at 1 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)).  Just as this Court concluded in *Hoopa Valley,* "applying these factors to this case, a stay is appropriate." *Id.* at 2.

With the recent change in Administration, the Federal Defendants have received multiple requests for litigation stays from various parties so that the incoming Administration can review pending litigation, including this WIIN Act litigation.  A brief stay will allow the incoming Administration, which is not fully staffed and is currently analyzing many other cases, to review this important case (and its companion cases).  A stay will further the parties' and the Court's interest in efficiency by allowing Federal Defendants to establish their position prior to merits briefing.  The stay will further serve the interests of efficiency by allowing all three related cases to proceed on the same schedule once the stay ends.  Finally, the Federal Defendants believe that a stay will not prejudice Plaintiffs.  While Plaintiffs, like all litigants, no doubt want to resolve their claims as expeditiously as possible, there is nothing about this case that demands expedited consideration.

Therefore, the United States respectfully requests that the Court stay these proceedings until May 12, 2021.

Dated: April 2, 2021

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General

*/s/ David W. Gehlert*
DAVID W. GEHLERT
Trial Attorney
U.S. Department of Justice

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, I electronically filed the foregoing **MOTION TO STAY** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

                         <u>*/s/ David W. Gehlert*</u>
                         DAVID W. GEHLERT