JEAN E. WILLIAMS, Acting Assistant Attorney General
Environment & Natural Resources Division
DAVID W. GEHLERT, Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-9032
Facsimile: (202) 305-0506
Email: david.gehlert@usdoj.gov

*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, RESTORE THE DELTA, and PLANNING AND CONSERVATION LEAGUE | No. 20-cv-00706-DAD-EPG |
| Plaintiffs, | |
| v. | **FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** |
| UNITED STATES BUREAU OF RECLAMATION; DEB HAALAND, in her official capacity as Secretary of the Interior; and UNITED STATES DEPARTMENT OF THE INTERIOR, | |
| Federal Defendants, | |
| CITY OF FOLSOM, CITY OF ROSEVILLE, EAST BAY MUNICIPAL UTILITY DISTRICT, PLACER COUNTY WATER AGENCY, *et. al.,* | |
| Defendants. | |

Defendants United States Department of the Interior (DOI); United States Bureau of Reclamation; and Deb Haaland, Secretary of the Interior (collectively, Federal Defendants), by and through their counsel, hereby answer and assert defenses to each numbered paragraph of Plaintiffs' First Amended and Supplemental Complaint for Declaratory and Injunctive Relief filed October 6, 2020 (First Amended Complaint). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the First Amended Complaint. Federal Defendants deny any and all allegations of the First Amended Complaint, whether express or implied, which are not specifically admitted herein.

## INTRODUCTION

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, Federal Defendants admit that Plaintiffs bring suit alleging violations of the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. and the Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq., and that pursuant to the Court's Order of February 16, 2021 Plaintiffs have joined contractors as defendants and amended their complaint. Federal Defendants deny that Plaintiffs are entitled to any relief.

2.      The allegations in the first and second sentence of Paragraph 2 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are admitted except to deny that Plaintiffs are entitled to any relief. The allegations in the third, fourth, and fifth sentence of Paragraph 2 are denied.

3.      The allegations in the first and second sentences of Paragraph 3 are denied except to admit there are instances when diversions have adverse impacts. The allegations of the third sentence are denied except to admit that Reclamation is in the process of converting additional CVP contracts. The allegations in the fourth, fifth, and sixth sentence of Paragraph 3 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

4.      The allegations in Paragraph 4 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

5.      The allegations in Paragraph 5 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations except to admit that this Court has jurisdiction over this action.

7.      The allegations in Paragraph 7 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit that venue lies in this judicial district.

8.      The allegations in Paragraph 8 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations except to admit that there is a justiciable controversy between the parties.

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit that the First Amended Complaint is timely filed.

10.     The allegations in the first sentence of Paragraph 10 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit that Plaintiffs have standing.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 10, and, on that basis, deny the allegations. The allegations in the third sentence of Paragraph 10 are denied except to admit that there are circumstances and instances where pumping entrains fish and alters hydraulic flow patterns in the Delta. The allegations in the fourth and fifth sentence of Paragraph 10 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

12.     The allegations in Paragraph 12 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit the allegations.

13.     The allegations of the first, second, third, fourth and fifth sentences of Paragraph 13. The allegations in the sixth sentence of Paragraph 13 constitute legal conclusions to which no response is required; to the extent a response is required the allegations are denied.

## PARTIES

**I.    Plaintiff**

14.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentence of Paragraph 14, and, on that basis, deny the allegations.  The allegations in the tenth and eleventh sentence of Paragraph 14 are denied.

15.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentence of Paragraph 15, and, on that basis, deny the allegations. The allegations in the sixth sentence of Paragraph 15 are denied. The allegations in the seventh sentence of Paragraph 15 are denied.

16.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentence of Paragraph 16, and, on that basis, deny the allegations. The allegations in the sixth sentence of Paragraph 16 are denied.

**II.    Defendants**

17.     Federal Defendants admit that the United States Bureau of Reclamation is an agency within the meaning of 5 U.S.C. § 701(b), is within the United States Department of the Interior, and is responsible for management of the CVP, including environmental compliance. The remaining allegations in Paragraph 17 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

18.     Federal Defendants admit that Deb Haaland is the Secretary of the Interior and named in her official capacity. The remaining allegations in Paragraph 18 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

19.     Federal Defendants admit that the United States Department of the Interior is within the executive branch of the United States government, is an agency within the meaning of 5 U.S.C. § 701(b), and is the parent agency of the United States Bureau of Reclamation.

20.     The allegations of Paragraph 20 are admitted.

21.     The allegations of Paragraph 21 are admitted.

22.     The allegations of Paragraph 22 are admitted except to aver that the contract amount is 133,000 acre-feet per year up to 165,000 acre-feet in any consecutive 3-year period.

23.     The allegations of Paragraph 23 are admitted.

24.     The allegations of Paragraph 24 are admitted.

25.     The allegations of Paragraph 25 are admitted.

26.     The allegations of Paragraph 26 are admitted.

27.     The allegations of Paragraph 27 are admitted except to aver that there is no "additional unknown amount" of contract water; Westlands does not hold a contract for 2,842 acre-feet of water, nor a contract executed on 10/20/20 and effective on 11/01/20; and Westlands does hold a contract for 6,260 acre-feet executed on 6/29/20 and effective 7/1/20.

28.     The allegations of Paragraph 28 are admitted.

29.     The allegations of Paragraph 29 are admitted.

30.     The allegations of Paragraph 30 are admitted.

31.     The allegations of Paragraph 31 are admitted.

32.     The allegations of Paragraph 32 are admitted.

33.     The allegations of Paragraph 33 are admitted.

34.     The allegations of Paragraph 34 are admitted except to aver that the contract volume is 5,415 acre-feet.

35.     The allegations of Paragraph 34 are admitted.

36.     The allegations of Paragraph 36 are admitted except to aver that the contract volumes are 62,200 acre-feet and 5,666 acre-feet.

37.     The allegations of Paragraph 37 are admitted except to aver that the contract volume is 15,000 acre-feet.

38.    The allegations of Paragraph 38 are admitted except to aver that the contract volume is 1,615 acre-feet.

39.    The allegations of Paragraph 39 are admitted.

40.    The allegations of Paragraph 40 are admitted.

41.    The allegations of Paragraph 41 are admitted.

42.    The allegations of Paragraph 42 are admitted except to aver that the contract volumes are 5,000 acre-feet and 2,090 acre-feet.

43.    The allegations of Paragraph 43 are admitted except to aver that the contract volume is 2,920 acre-feet.

44.    The allegations of Paragraph 44 are admitted.

45.    The allegations of Paragraph 45 are admitted.

46.    The allegations of Paragraph 46 are admitted.

47.    The allegations of Paragraph 47 are admitted.

48.    The allegations of Paragraph 48 are admitted.

49.    The allegations of Paragraph 49 are admitted except to aver that the contract volume is 242 acre-feet.

50.    The allegations of Paragraph 50 are admitted.

51.    The allegations of Paragraph 51 are admitted.

52.    The allegations of Paragraph 52 are admitted.

53.    The allegations of Paragraph 53 are admitted.

54.    The allegations of Paragraph 54 are admitted.

55.    The allegations of Paragraph 55 are admitted.

56.    The allegations of Paragraph 56 are admitted.

57.    The allegations of Paragraph 57 are admitted except to aver that the contract volume is 2,327 acre-feet.

58.    The allegations of Paragraph 58 are admitted.

59.    The allegations of Paragraph 59 are denied.

60.    The allegations of Paragraph 60 are denied.

1    61.    The allegations of Paragraph 61 are admitted.

2    62.    The allegations of Paragraph 62 are admitted.

3    63.    The allegations of Paragraph 63 are admitted.

4    64.    The allegations of Paragraph 64 are admitted.

5    65.    The allegations of Paragraph 65 are admitted.

6    66.    The allegations of Paragraph 66 are admitted.

7    67.    The allegations of Paragraph 67 are admitted.

8    68.    The allegations of Paragraph 68 are admitted.

9    69.    The allegations of Paragraph 69 are admitted.

10    70.    The allegations of Paragraph 70 are admitted.

11    71.    The allegations of Paragraph 71 are admitted.

12    72.    The allegations of Paragraph 72 are admitted except to aver that the contract volume is

13    914 acre-feet.

14    73.    The allegations of Paragraph 73 are admitted.

15    74.    The allegations of Paragraph 74 are admitted.

16    75.    The allegations of Paragraph 75 are admitted.

17    76.    The allegations of Paragraph 76 are admitted.

18    77.    The allegations of Paragraph 77 are admitted.

19    78.    The allegations of Paragraph 78 are admitted.

20    79.    The allegations of Paragraph 79 are admitted except to aver that the contract volume is 10

21    acre-feet and that the contract was executed February 23, 2021.

22    80.    The allegations of Paragraph 80 are admitted.

23    81.    The allegations of Paragraph 81 are admitted except to aver that the contract volume of

24    Project water is 672 acre-feet.

25    82.    The allegations of Paragraph 82 are admitted.

26    83.    The allegations of Paragraph 83 are admitted.

27    84.    The allegations of Paragraph 84 are admitted.

28

85.     The allegations of Paragraph 85 are admitted except to aver that the contract volume of Project water is 672 acre-feet.

86.     The allegations of Paragraph 86 are admitted except to aver that the contract volume is 3,000 acre-feet.

87.     The allegations of Paragraph 87 are admitted.

88.     The allegations of Paragraph 42 are admitted except to aver that the contract volume is 5,308 acre-feet.

89.     The allegations of Paragraph 89 are admitted.

90.     The allegations of Paragraph 90 are admitted.

91.     The allegations of Paragraph 91 are admitted.

92.     The allegations of Paragraph 92 are admitted.

93.     The allegations of Paragraph 93 are admitted.

94.     The allegations of Paragraph 94 are admitted.

95.     The allegations of Paragraph 95 are admitted.

96.     The allegations of Paragraph 96 are admitted except to aver that the contract volume of Project water is 6,000 acre-feet.

97.     The allegations of Paragraph 97 are admitted.

98.     The allegations of Paragraph 98 are admitted except to aver that the contract volume of Project water is 15,000 acre-feet.

99.     The allegations of Paragraph 99 are admitted except to aver that the contract volume of Project water is 9,800 acre-feet.

100.    The allegations of Paragraph 100 are admitted.

101.    The allegations of Paragraph 101 are admitted.

## STATUTORY AND REGULATORY BACKGROUND

**I.      THE NATIONAL ENVIRONMENTAL POLICY ACT**

102.    The allegations in Paragraph 102 purport to characterize the National Environmental Policy Act (NEPA), a statute that speaks for itself and provides the best evidence of its contents;

to the extent a response is required Federal Defendants admit that the quoted language is found in the cited sections.

103.     The allegations in Paragraph 103 purport to characterize NEPA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Federal Defendants admit that the quoted language is found in the cited sections.

104.     The allegations in the first sentence of Paragraph 104 purport to characterize *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989) a case that speaks for itself and provide the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted material is found in the case.  The allegations of the second sentence of Paragraph 104 purport to characterize 40 C.F.R. § 1501.2, a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the regulation.

105.     The allegations in Paragraph 105 purport to characterize NEPA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited sections.

106.     The allegations in Paragraph 106 purport to characterize 40 C.F.R. § 1508.18(a), a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited section.  The allegations in Footnote 5 include legal conclusions assertions to which no response is required; to the extent a response is required, Federal Defendants admit that the CEQ issued amended NEPA regulations on July 16, 2020 and that those amended regulations issued do not apply to this litigation.

107.     The allegations in Paragraph 107 purport to characterize 40 C.F.R. § 1501.4, a regulation which speaks for itself and is the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the allegations are generally accurate paraphrases of the cited sections.

108.     The first and second sentences in Paragraph 108 purport to characterize 40 C.F.R. § 1508, a regulation which speaks for itself and is the best evidence of its contents; to the extent a

response is required, Federal Defendants admit that the allegations are generally accurate paraphrases of the cited sections.  The third sentence of Paragraph 108 purports to summarize *Grand Canyon Trust v. Fed. Aviation Admin,* 290 F.3d 339, 346 (D.C. Cir. 2002) a decision which speaks for itself and is the best evidence of its content; to the extent a response is required, the allegation is denied.

109.    The allegations in Paragraph 109 purport to characterize NEPA and 40 C.F.R. § 1502.4, a statute and regulation which speaks for themselves and are the best evidence of their contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited sections.

110.    The allegations in Paragraph 110 purport to characterize 40 C.F.R. § 1502.20, a regulation which speaks for itself and is the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the allegations are generally accurate paraphrases of the cited sections.

**II.     THE ENDANGERED SPECIES ACT**

111.    The allegations in Paragraph 111 purport to characterize the Endangered Species Act (ESA), a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Federal Defendants admit that the quoted language is found in the cited section.

112.    The allegations in Paragraph 112 purport to characterize the Endangered Species Act (ESA), a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required Federal Defendants admit that the quoted language is found in the cited sections.

113.    The allegations in Paragraph 113 constitute legal conclusion to which no response is required; to the extent a response is required, Federal Defendants admit the allegations.

114.    The allegations in Paragraph 114 purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the allegations are a generally accurate paraphrase of the sections cited.

115.     The allegations in Paragraph 115 purport to characterize provisions of the ESA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited section of the statute.

116.     The allegations in Paragraph 116 purport to characterize the ESA NEPA and 50 C.F.R. § 402.02, a statute and regulation which speaks for themselves and are the best evidence of their contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited sections.

117.     The allegations in Paragraph 117 purport to characterize provisions of the ESA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited statute.

118.     The allegations in Paragraph 118 purport to characterize provisions of 50 C.F.R. § 402, a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required Federal Defendants admit that the quoted language is found in the cited regulation.

119.     The allegations in Paragraph 119 purport to characterize the Services' Endangered Species Consultation Handbook, a handbook that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the handbook.

120.     The allegations in Paragraph 120 purport to characterize provisions of 50 C.F.R. § 402, a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited regulation.

121.     The allegations in Paragraph 121 purport to characterize provisions of 50 C.F.R. § 402, a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited regulation.

122.     The allegations in Paragraph 122 purport to characterize provisions of the ESA and 50 C.F.R. § 402, a statute and regulation that speaks for themselves and provide the best evidence of their contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited regulation.

123.     The allegations in Paragraph 123 purport to characterize provisions of the ESA and 50 C.F.R. § 222, a statute and regulation that speak for themselves and provide the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited sections.

124.     The allegations in Paragraph 124 purport to characterize provisions of the ESA and 50 C.F.R. § 402, a statute and regulation that speak for themselves and provide the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language is found in the cited sections.

125.     The allegations in Paragraph 125 constitute legal conclusions to which no response is required; to the extent a response is required, the allegations are admitted.

126.     The allegations in Paragraph 126 purport to characterize provisions of the ESA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, any allegation contrary to the statute's plain language or meaning is denied.

127.     The allegations in Paragraph 127 purport to characterize provisions of 50 C.F.R. § 402, a regulation that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the allegations are a generally accurate paraphrase of a portion of the regulation.

128.     The allegations in Paragraph 128 purport to characterize provisions of Section 7 of the ESA, a statute that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants hat the quoted language is found in the cited section.

## III.     THE ADMINISTRATIVE PROCEDURE ACT

129.     The allegations in Paragraph 129 purport to characterize the Administrative Procedure Act (APA), a statute that speaks for itself and provides the best evidence of its contents; to the

1    extent a response is required, Federal Defendants admit that the quoted language is found in the

2    cited sections.

3    130.    The allegations in Paragraph 130 constitute legal conclusions to which no response is

4    required; to the extent a response is required, Federal Defendants admit that the allegations are a

5    generally accurate paraphrase of the sections cited.

6    **IV.    THE CENTRAL VALLEY PROJECT IMPROVEMENT ACT**

7    131.    The allegations in Paragraph 131 purport to characterize the Central Valley Project

8    Improvement Act (CVPIA), a statute that speaks for itself and provides the best evidence of its

9    contents; to the extent a response is required, Federal Defendants admit that the quoted language

10   is found in the cited section.

11   132.    The allegations in Paragraph 132 purport to characterize the CVPIA, a statute that speaks

12   for itself and provides the best evidence of its contents; to the extent a response is required,

13   Federal Defendants admit that the quoted language is found in the cited section.

14   133.    The allegations in Paragraph 133 purport to characterize the CVPIA, a statute that speaks

15   for itself and provides the best evidence of its contents; to the extent a response is required,

16   Federal Defendants deny the allegations.

17   134.    The allegations in Paragraph 134 purport to characterize the CVPIA, a statute that speaks

18   for itself and provides the best evidence of its contents; to the extent a response is required,

19   Federal Defendants deny the allegations.

20   **V.    WATER INFRASTRUCTURE IMPROVEMENTS OF THE NATION ACT**

21   135.    The allegations in Paragraph 35 are admitted.

22   136.    The allegations in Paragraph 136 purport to characterize the Water Infrastructure

23   Improvements of the Nation (WIIN) Act, a statute that speaks for itself and provides the best

24   evidence of its contents; to the extent a response is required, Federal Defendants admit that the

25   allegations are a generally accurate paraphrase of the cited sections.

26

27

28

**FACTUAL ALLEGATIONS**

137.    The allegations in the first sentence of Paragraph 137 are admitted.  Federal Defendants admit that the allegations of the second sentence of Paragraph 137 are a generally accurate description of the CVP.   The allegations in the third sentence of Paragraph 137 are denied.

138.    The allegations of the first sentence in Paragraph 138 are denied except to admit that in some instances the CVP can have adverse environmental effects.  The allegations of the second and third sentences of Paragraph 138 are admitted. The allegations of the third and fourth sentence of Paragraph 138 are denied except to admit that in some instances the CVP can harm fish and/or reduce freshwater flows.  The allegations of the sixth sentence of Paragraph 138 are denied.

139.    The allegations in Paragraph 139 characterize a September 25, 2019 letter, a letter that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted material is in the letter.

140.    The allegations in Paragraph 140 are denied except to aver that 68 contracts have been converted; that the contracts listed have been converted with the exception of the contract for Santa Clara Valley Water District which has not been executed, and that Pajaro Valley Water Management Agency is not a contractor.

141.    The allegations in Paragraph 141 are denied except to aver that Reclamation is in the process of converting 23 contracts, including the 22 shown in Table B.

142.    The allegations in the first sentence of Paragraph 142 are denied.  The allegations of the second sentence of Paragraph 142 are admitted.

143.    The allegations in the first sentence of Paragraph 143 are admitted. The allegations in the second sentence of Paragraph 143 purport to characterize the 1999 Programmatic EIS, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required, any allegation contrary to the statute's plain language or meaning is denied.

144.    The allegations in the first sentence of Paragraph 144 are admitted. The allegations in the second sentence of Paragraph 144 purport to characterize the 2000 Biological Opinion, a document that speaks for itself and provides the best evidence of its contents; to the extent a

response is required, any allegation contrary to the document's plain language or meaning is denied.

145.    The allegations in the first sentence of Paragraph 145 are admitted. The allegations in the second, third, and fourth sentence of Paragraph 145 purport to characterize the 2019 EIS, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required, any allegation contrary to the document's plain language or meaning is denied.

146.    The allegations in Paragraph 146 are denied.

147.    The allegations in Paragraph 147 are denied.

148.    The allegations in the first sentence of Paragraph 148 are denied.  The allegations of the second sentence of Paragraph 148 are denied.  Federal Defendants are uncertain what species are being referred to in the allegations of the third sentence of Paragraph 148 and therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.  The allegations in the fourth and fifth sentence of Paragraph 148 are denied.

149.    The allegations in the first sentence of Paragraph 149 purport to characterize the NEPA regulations which speak for themselves and provide the best evidence of their contents; to the extent a response is required, Federal Defendants admit that the cited regulation includes a list of factors which should be considered in evaluating intensity.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentence of Paragraph 149, and, on that basis, deny the allegations. The allegations in the fourth sentence of Paragraph 149 are denied.

150.    The allegations in the first sentence of Paragraph 150 are vague and ambiguous; therefore Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that basis, deny the allegations. The allegations in the second sentence of Paragraph 150 are denied.

151.    The allegations in Paragraph 151 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

152.    The allegations in Paragraph 152 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

153.    The allegations in the first sentence of Paragraph 153 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.  The allegations in the second sentence of Paragraph 153 are admitted. The allegations in the third sentence of Paragraph 153 constitute legal assertions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

154.    The allegations in Paragraph 154 constitute legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

155.    The allegations in Paragraph 155 are denied.

156.    The allegations in Paragraph 156 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

157.    The allegations in Paragraph 157 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

158.    The allegations in the first sentence of Paragraph 158 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations. The allegations in the second, third and fourth sentence of Paragraph 158 are denied.

159.    The allegations in the first sentence of Paragraph 159 are admitted. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 159, and, on that basis, deny the allegations. The allegations in the third, fourth, fifth, and sixth sentence of Paragraph 159 purport to characterize a decision by the Ninth Circuit Court of Appeals, a decision that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted material appears in the decision.  The allegations in the seventh sentence of Paragraph 159 are admitted. The allegations in the eighth, ninth and tenth sentences of Paragraph 159 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

160.     The allegations in Paragraph 160 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

161.     The allegations in the first sentence of Paragraph 161 constitute Plaintiffs' characterization of this action to which no response is required; to the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 161 purport to characterize a Westlands contract, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language appears in the contract. The allegations in the third sentence of Paragraph 161 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 161purport to characterize a Westlands contract, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that the quoted language appears in the contract. The allegations in the fifth sentence of Paragraph 161 are admitted. The allegations in the sixth sentence of Paragraph 161 purport to characterize a Reclamation website, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required, Federal Defendants admit that Reclamation's website uses the term "Negotiated Draft Conversion Contracts."

162.     The allegations in Paragraph 162 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

163.     The allegations in Paragraph 163 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

164.     The allegations in Paragraph 164 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

165.     The allegations in Paragraph 165 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

**CLAIMS FOR RELIEF**

**I.      FIRST CLAIM FOR RELIEF – NEPA and APA**

166.    Federal Defendants incorporate their responses from Paragraphs 1 through 165 as though fully set forth herein.

167.    The allegations in Paragraph 167 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

168.    The allegations in Paragraph 168 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

169.    The allegations in Paragraph 169 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

170.    The allegations in Paragraph 170 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

171.    The allegations in Paragraph 171 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

**II.     SECOND CLAIM FOR RELIEF – NEPA and APA**

172.    Federal Defendants incorporate their responses from Paragraphs 1 through 171 as though fully set forth herein.

173.    The allegations in Paragraph 173 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

**III.    THIRD CLAIM FOR RELIEF – ESA**

174.    Federal Defendants incorporate their responses from Paragraphs 1 through 173 as though fully set forth herein.

175.    The allegations in Paragraph 175 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

176.    The allegations in Paragraph 176 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

177.    The allegations in Paragraph 177 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

178.    The allegations in Paragraph 178 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

179.    The allegations in Paragraph 179 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

180.    The allegations in Paragraph 180 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

181.    The allegations in the first sentence of Paragraph 181 are admitted. The allegations in the second sentence of Paragraph 181 constitute legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit the allegations.

        The remainder of the First Amended Complaint constitutes Plaintiffs' prayer for relief to which no response is required.  Insofar as a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.  Federal Defendants deny any and all allegations in Plaintiffs' First Amended Complaint, whether express or implied, not otherwise specifically admitted herein.  Federal Defendants have insufficient knowledge or information on which to form a belief as to whether Federal Defendants have any additional, as yet unstated, defenses available.  Federal Defendants reserve the right to assert additional defenses in the event further proceedings indicate it would be appropriate.

        WHEREFORE, Federal Defendants respectfully request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief to Federal Defendants as it deems fitting and just.

        Dated: June 11, 2021

                            Respectfully submitted,

                            JEAN E. WILLIAMS
                            Acting Assistant Attorney General

                            /s/ David W. Gehlert
                            DAVID W. GEHLERT
                            Trial Attorney
                            U.S. Department of Justice
                            Environment and Natural Resources Division

                            *Attorneys for Federal Defendants*