John Buse (SBN 163156)
Ross Middlemiss (SBN 323737)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800, Oakland, CA 94612
Tel: 510-844-7100
Fax: 510-844-7150
Email: jbuse@biologicaldiversity.org
          rmiddlemiss@biologicaldiversity.org
Attorneys for Plaintiff Center for Biological Diversity

E. Robert Wright (SBN 51861)
LAW OFFICE OF E. ROBERT WRIGHT
909 12th Street, Suite 202
Sacramento, California 95814
Tel: (916) 557-1104
Fax: (916) 557-9669
Email: bwrightatty@gmail.com
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

Adam Keats (SBN 191157)
LAW OFFICE OF ADAM KEATS, PC
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Tel: (415) 430-9403
Email: adam@keatslaw.org
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, RESTORE THE DELTA and PLANNING AND CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.,<br><br>Defendants. | Case No. 1:20-cv-00706-DAD-EPG<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM TO FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT; PROPOSED SURREPLY MEMORANDUM**<br><br>Judge: Hon. Dale A. Drozd |

Plaintiffs Center for Biological Diversity, Restore the Delta, and Planning and Conservation League (collectively, "Plaintiffs") hereby move the Court for leave to file a

1

Surreply Memorandum to the Federal Defendants' Reply Memorandum in Support of Cross-Motion for Summary Judgment (ECF 179, filed January 27, 2022).[1] A copy of the Proposed Surreply Memorandum is attached.

Plaintiffs notified the Federal and Contractor Defendants through their counsel by email on February 14, 2022, of their intention to file a motion for leave to file a surreply memorandum and identified the portion of the Federal Defendants' Reply Memorandum that Plaintiffs wished to address in a surreply memorandum. The parties through counsel engaged in back-and-forth discussions by email including discussion of an attempt to proceed by stipulation. However, with Plaintiffs proceeding by way of a motion, some of the Defendants including the Federal Defendants stated that they would oppose the motion. Meet and confer by way of emails has concluded and Plaintiffs represent this Motion is opposed by some of the Defendants.

The Court has explained that it "generally views motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016) (denying motion for leave to file a surreply). The Court added (195 F.Supp.3d at 1134):

> However, district courts have the discretion to either permit or preclude a surreply. *See* [two citations omitted] *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In granting a motion to file a surreply in *Allen v. Campbell*, __F.Supp.3d__, No. 4:20-cv-00218, 2020 WL 6876196 at *7 (D. Idaho, Nov. 23, 2020), the court explained:

> Leave to file a sur-reply is discretionary but should only be granted 'where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief.' *Hill v. England,* No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondoro*, 700 F. App'x 661, 664 (9th Cir. 2017).

Here, Federal Defendants raised a new argument in their Reply Memorandum. Federal Defendants had argued in their Opening Summary Judgment Memorandum filed October 5, 2021 (ECF 145 at 23:19-22)[2] that pursuant to WIIN Act section 4011(a)(4)(C),

---

[1] Plaintiffs awaited the filing of the Contractors' Reply Brief on February 8, 2022 (ECF 181) to determine if anything they filed would call for a surreply. Footnote 4 addresses the Contractors' Reply Brief.

2

Plaintiffs' Motion for Leave to File Surreply

> [t]he listed rights which cannot be modified in conversion encompass effectively all substantive terms of the contract other than the payment terms Congress expressly authorized to be changed, and certainly reach any contract terms relating to water service, the delivery of water to the contractors.[3]

They also represented that "none of the contract articles addressed to water service—delivery of water to the contractors—changed in a material way." ECF 145 at 15:11-12.[4]

Plaintiffs' first argument in their Combined Brief filed December 6, 2021 (ECF 170 at 20-21) was that NEPA and ESA compliance were required by the previous contracts and that under Reclamation's interpretation of WIIN Act section 4011(a)(4)(C) those requirements could not be eliminated when the contracts were converted.

In their Reply Memorandum filed January 27, 2022 (ECF 179 at 16:3-9), however, Federal Defendants argued for the first time:

> First, *Articles 2(a), 2(b) and 3(e) did not proscribe the terms of water service*. Instead, those Articles addressed procedures pursuant to NEPA and the ESA which are no longer applicable because Congress curbed Reclamation's discretion. *See, e.g.,* Westlands Prior Contract, ECF No. 143 at 12. Thus, those changes constitute the type of conforming edits to the contracts that Reclamation advised this Court would occur. ECF No. 145 at 12-23 (quoting *N. Coast*, ECF No. 106-1, ¶ 4 and *N. Coast*, ECF No. 100, ¶ 3). (Emphasis added).

The Federal Defendants concluded their Reply Memorandum argument (ECF 179 at 17:1-4) on this point, stating:

> In sum, consistent with its interpretation of Section 4011(a)(4)(C) of the WIIN Act (and the plain language of that Section), *Reclamation has not changed the terms of the contracts which set water service*—the timing and quantity of water to be delivered under the contracts. WIIN Act, Section 4011(a)(4)(C). (Emphasis added).

The argument that Articles 2(a), 2(b), and 3(e) "did not proscribe the terms of water service" or "has not changed the terms of the contracts which set water service" is a new argument made for the first time in the Federal Defendants' Reply Memorandum. *It is a new*

---

[2] All citations to the page numbers of previous briefs and exhibits are to the file stamped page numbers at the ***top*** of the filed document.
[3] All sections of the WIIN Act except for sections 4004, and "projects under construction in sections 4007, 4009(a), and 4009(c)" expired on December 16, 2021. Pub. L. No. 114-322, 130 Stat. 1883, WIIN Act section 4013.
[4] The Contractors' February 8, 2022 Reply Brief joined in the Federal Defendants' argument. ECF 181 at 5, n.1.

Plaintiffs' Motion for Leave to File Surreply

*argument because Federal Defendants did not tell this Court in their October 5, 2021 Opening Summary Judgment Memorandum or otherwise acknowledge that the previous contracts required environmental review and ESA consultation.* Consequently, they made no argument as to why they could eliminate those requirements. Instead, Federal Defendants initially argued that under WIIN Act section 4011(a)(4)(C) "all substantive terms of the contract other than the payment terms" "cannot be modified." ECF 145 at 23:19-22. The January 27, 2022 Reply Memorandum changed this argument such that Federal Defendants now contend that the substantive terms of the contract requiring environmental documentation and ESA consultation *can* be modified, and indeed eliminated.

Federal Defendants' argument is also a misleadingly incomplete representation of the Record before this Court. That is because the actual title of Article 2 requiring NEPA review in the previous Westlands contract but eliminating it from the converted contract is "<u>TERM OF CONTRACT—RIGHT TO USE OF WATER.</u>" *Compare* previous Westlands contract, ECF 143 at 115, and converted Westlands contract, ECF 143 at 29. And the actual title of Article 3 requiring ESA consultation in the previous contracts but eliminating that from the converted Westlands contract is "<u>WATER TO BE MADE AVAILABLE AND DELIVERED TO THE CONTRACTOR.</u>" *Compare* previous Westlands contract, ECF 143 at 117; converted Westlands contract, ECF 143 at 31. Accordingly, contrary to Federal Defendants' claim in their Reply Memorandum, Reclamation has changed the terms of the contracts that set water service.

Plaintiffs have no opportunity absent leave from this Court to file anything further on the pending Motion and Cross-Motions for Summary Judgment. The change of Federal Defendants' argument once they had to admit the previous contracts required NEPA and ESA compliance, and their contention that they have not changed the terms of the contracts that set water service despite the titles of contract Articles 2 and 3, are points that would ordinarily be addressed at a hearing. But because of the public health emergency posed by the coronavirus, this Court has understandably ordered that all civil motions will be decided on the papers unless the Court determines a hearing is necessary. ECF 146, Minute Order entered October 6, 2021. Unless ordered by the Court, there will be no hearing which would allow Plaintiffs to respond to Federal Defendants' new argument.

Plaintiffs respectfully request that their motion for leave to file the attached Surreply Memorandum be granted.

4

Plaintiffs' Motion for Leave to File Surreply

Respectfully submitted,

Dated: February 16, 2022

   /s/ E. Robert Wright
E. Robert Wright
LAW OFFICE OF E. ROBERT WRIGHT
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

   /s/ John Buse
John Buse
Ross Middlemiss
CENTER FOR BIOLOGICAL DIVERSITY
Attorney for Plaintiff Center for Biological Diversity

   /s/ Adam Keats
Adam Keats
LAW OFFICE OF ADAM KEATS, PC
Attorney for Plaintiffs Restore the Delta and
Planning and Conservation League

Plaintiffs' Motion for Leave to File Surreply

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM TO FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT and [PROPOSED] PLAINTIFFS' SURREPLY MEMORANDUM TO FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the ECF system, such that email notification will automatically be sent to the attorneys of record.

/s/ John Buse
John Buse